277 Neb. 604 (2009)
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C., APPELLEE,
v.
LOUIS J. TURCO, JR., AND LUCIA TURCO, APPELLANTS.
No. S-07-1271.
Supreme Court of Nebraska.
Filed April 17, 2009.
Jeff T. Courtney, P.C., L.L.O., for appellants.
Terry M. Anderson and Melany S. Chesterman, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellee.
Matthew A. Lathrop and Kate E. Placzek for amicus curiae Nebraska Association of Trial Attorneys.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF THE CASE
Following remand from this court, the district court for Douglas County granted the motion for summary judgment filed by the appellee law firm, Hauptman, O'Brien, Wolf & Lathrop, P.C., and awarded an attorney lien in the amount of $64,600 in favor of appellee and against appellants, Louis J. Turco, Jr., and Lucia Turco. Appellants appeal. Because appellee presented sufficient evidence to establish that its demanded fee was reasonable, and appellants did not provide any evidence refuting appellee's evidence, we affirm.

STATEMENT OF FACTS
This court has previously addressed the issues raised in this appeal in Hauptman, O'Brien v. Turco, 273 Neb. 924, 735 N.W.2d 368 (2007) (Turco I). The facts surrounding the events that occurred prior to Turco I are recited in that opinion, and will not be restated in detail here. In summary, appellants hired appellee to represent them in a serious personal injury matter. The parties entered into a contingent fee agreement in which appellants agreed to pay appellee 33&frac13; percent of any recovery by judgment or by settlement. The matter settled promptly. Prior to accepting the settlement, appellants terminated their relationship with appellee. Once appellants accepted the settlement, appellee requested its demanded fee of 33&frac13; percent of the settlement received by appellants. Appellants objected to the amount of the fee requested, arguing that the demanded fee was excessive for the amount of work completed by appellee. Appellee filed suit to recover its demanded fee. The district court for Douglas County granted appellee's motion for summary judgment, and appellants appealed to this court.
We considered the matter, and in Turco I, this court concluded that despite the existence of a contingent fee agreement between the parties, appellee must establish the reasonableness of its demanded fee. This court determined that, based on the evidence presented in the district court, appellee had not set forth enough evidence to meet its burden. The district court's grant of appellee's motion for summary judgment was reversed, and the matter was remanded for further proceedings on the reasonableness of appellee's demanded fee.
On remand, the district court held an evidentiary hearing on appellee's motion for summary judgment. As evidence of the reasonableness of its fee, appellee presented affidavits from experienced attorneys in the community. These affidavits were from attorneys with varying experience in insurance litigation, including counsel defending insurance carriers, counsel representing claimants, and in-house counsel. The affidavits stated in general that the work done representing appellants by the attorneys associated with appellee justified the fee. Specifically, the affidavits stated that the affiants knew the reputation of the attorneys representing appellantsMelany Chesterman and David Lathropand the appellee law firm and that Chesterman, Lathrop, and the law firm had an excellent reputation in the legal community. Many of the affiants stated that they had worked with Lathrop and Chesterman and that Lathrop and Chesterman possessed specialized skills and knowledge in representing seriously injured victims of automobile collisions. Several of the affiants indicated that the reputation of the law firm negotiating a settlement with an insurance carrier can influence the amount of time it takes to settle the lawsuit. Further, several of the affiants stated that, based on the affiants' knowledge of appellants' case, a 33&frac13; percent contingent fee was a reasonable fee.
In response to appellee's evidence, appellants did not present any evidence refuting the affidavits proffered by appellee. The district court sustained appellee's motion for summary judgment. Appellants once again appeal.

ASSIGNMENTS OF ERROR
Appellants claim that the district court erred in granting appellee's motion for summary judgment (1) because there were genuine issues of material fact as to whether appellee's fee agreement was reasonable and (2) because there were genuine issues of material fact as to whether appellee made fraudulent misrepresentations to appellants, knowing the misrepresentations to be fraudulent, and appellants relied on the statements in connection with appellee's representation and the fee agreement.

STANDARDS OF REVIEW
[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. Yoder v. Cotton, 276 Neb. 954, 758 N.W.2d 630 (2008). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id.

ANALYSIS

First Assignment of Error: Appellee Established That Its Fee Was Reasonable in This Matter.
Appellants argue that appellee did not present sufficient evidence to establish that its demanded fee was reasonable, because the affidavits submitted by appellee failed to specifically address the reasonableness of the fee with respect to the facts in this case. Appellee counters that it met its burden and that appellants failed to refute its evidence. We agree with appellee.
[3] In Turco I, we concluded that once the existence of a fee agreement is established, an attorney fee computed pursuant to the fee agreement is subject to the same standard of reasonableness as any other attorney fee. Therefore, because the parties do not dispute the existence of a fee agreement, the main inquiry in this case is whether at the hearing on remand appellee presented sufficient evidence to establish its demanded fee was reasonable.
The concurring opinion in Turco I specifically addressed the conflict that exists between the parties herewhat evidence each party needs to present to establish reasonableness in order either to successfully show the absence of a genuine issue of material fact or to avoid the district court's entering judgment as a matter of law. The concurrence stated that a lawyer can establish the extent and value of his or her services in a contingent fee case by producing evidence showing, for example, the results obtained, the quality of the work, and whether the lawyer's efforts substantially contributed to the result. Turco I (Gerrard, J., concurring; Connolly and McCormack, JJ., join). The concurrence then identified other factors relevant to the reasonableness of a contingent fee, including the time and labor required, the novelty and difficulty of the legal issues involved, the skill required to do the work properly, and the experience, reputation, and ability of the lawyer performing the services. Id. Acknowledging that the pertinent factors will differ from case to case, the concurrence concluded that the general inquiry should focus on the circumstances of the agreement and the work performed. Id.
The Turco I concurring opinion explained that once the attorney has established the reasonableness of his or her fee using the criteria discussed above, at that point, the evidentiary burden going forward shifts to the client, and the client must object to the evidence established by the attorney with specificity to demonstrate why the documented fees are not reasonable.
[4] We now adopt these standards discussed in the Turco I concurrence, including the following:
[O]nce a lawyer has established a prima facie case that a demanded fee is reasonable, judgment as a matter of law is precluded only if the client produces specific evidence on factors relevant to the reasonableness of the fee. Only at that point does the client show a genuine issue of material fact, so as to place the burden on the lawyer to persuade the trier of fact that the fee demanded is reasonable under the circumstances.
273 Neb. at 934-35, 735 N.W.2d at 376 (Gerrard, J., concurring; Connolly and McCormack, JJ., join).
Furthermore, as was stated in the Turco I concurrence, we believe that courts should be reluctant to disturb contingent fee agreements freely entered into by knowledgeable and competent parties. Indeed, "[a] prompt and efficient attorney who achieves a fair settlement without litigation serves both the client and the interests of justice." Id. at 934, 735 N.W.2d at 376 (Gerrard, J., concurring; Connolly and McCormack, JJ., join).
Based on these principles, and referring to the record in this case, it is clear that appellee's evidence established a prima facie case that its demanded fee was reasonable, and because appellants offered no evidence, appellants failed to produce evidence specifically refuting the reasonableness of the fee.
Appellee provided affidavits from six individual attorneys with varying experience in the field of personal injury and insurance cases. The affiants stated that they knew Lathrop, Chesterman, and the law firm and that the individual attorneys and the law firm had an excellent reputation in the legal community. The affiants stated that this reputation was influential in the ability to swiftly settle insurance disputes and that law firms and attorneys without such experience may spend significantly more time to settle a similar claim.
Although appellants argue that the affidavits do not specifically address the reasonableness of the fee with respect to the facts in this matter, our review of the record is to the contrary. Several affiants stated that they were familiar with the details of appellants' case and that the contingent fee charged by appellee was reasonable in light of the facts and circumstances surrounding the collision, the injuries sustained, and the individuals involved. Indeed, one affiant opined that the insurance company was willing to pay the claim in this case quickly because of the excellent reputation of the lawyers in this case and that had counsel been less skilled, the case may have taken 18 months to settle. Further, another affiant stated that he had reviewed appellants' file and that in his opinion, the result obtained for appellants was excellent.
We conclude that this evidence was sufficient to prove the reasonableness of appellee's fee. The proffered affidavits addressed the reasonableness of the fee as it pertained to the specific facts of this case, addressed the quality of the work performed, addressed the results obtained by the attorneys, and addressed how the attorneys' efforts substantially contributed to the result.
The evidentiary burden then shifted to appellants, who in response did not provide any evidence specifically refuting the statements made in these affidavits. Therefore, the district court properly granted summary judgment in favor of appellee.

Second Assignment of Error: The Assigned Error Is Not Argued in Appellants' Brief.
[5] As their second assignment of error, appellants state that the district court erred when it granted summary judgment, because there were genuine issues of material fact as to their affirmative defense of fraudulent inducement. In their brief, appellants recite the elements of fraudulent inducement and state in conclusory fashion that the facts would establish their claim. In their brief, appellants have not presented this court with any argument in support of their assertion, nor have they directed us to any material fact in evidence in the record which is in dispute. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. Nelson v. Lusterstone Surfacing Co., 258 Neb. 678, 605 N.W.2d 136 (2000). Because appellants failed to argue their second assignment of error, this court will not consider the issue.

CONCLUSION
Appellee established a prima facie case that its demanded fee was reasonable, and appellants did not specifically refute such evidence. We affirm the order of the district court which granted appellee's motion for summary judgment.
Affirmed.